Campbell v. Runyon.

GEORGE W. CAMPBELL

v.

CHARLES RUNYON, exr. &c.

An injunction found upon a bill to compel defendant to perform specifically a parol agreement to lease certain lands was, under the circumstances, dissolved, although the bill and complainant's affidavit thereto stated that the agreement was made by defendant's agent, and the answer was verified by defendant, but not, so far as the denial of the alleged agreement was concerned, of his own knowledge, and it was verified also by the agent's affidavit and by defendant's own affidavit (of his own knowledge) as to a verdict found against complainant's allegations in an action concerning the possession of the premises, and also that complainant's testimony in that case contradicted such allegations.

Bill for specific performance.   Motion to dissolve injunction.

*Messrs. Wallis & Edwards*, for the motion.

*Mr. W. P. Douglass, contra.*

THE CHANCELLOR.

The suit is brought to compel specific performance of a parol agreement to lease certain real property in Jersey City for three years from March, 1887.   The bill states that the agreement was made, not by the defendant in person, but by his agent. The answer positively denies the statements of the bill in reference to the alleged making of the agreement by the agent.   But

Campbell *v.* Runyon.

it is insisted by the defendant's counsel that, according to the practice, the injunction should not be dissolved, notwithstanding such denial, because the matter in question is not within the knowledge of the defendant, and therefore his answer must be upon information and belief only. He also insists that, according to the practice, the affidavit of the agent denying that the agreement was made, appended to the answer, cannot be considered, inasmuch as the injunction was granted upon the complainant's affidavit alone, which was the only verification of the statements of the bill. It is evident that if the rules of practice referred to are to be inflexibly applied to such cases as this, they would prevent the defendants from obtaining relief from the restraint of the injunction before final hearing, however well entitled to it, merely because the bill alleges that the act brought in question was done, not by the defendant himself in person but by his agent, and the complainant obtained the injunction upon his own affidavit of verification alone. But those rules are subject to certain exceptions. *Merwin* v. *Smith, 1 Gr. Ch. 182.* And in some such cases it has been held that the positive denial of the defendant is sufficient, although the matter is not within his own knowledge. In *Coale* v. *Chase, 1 Bland 136,* it was held that to obtain a dissolution of an injunction it is sufficient that an executor or administrator, in stating facts which from the nature of the case could only have been personally known to his testator or intestate, states them upon information and belief. In *Clayton* v. *Lyle, 2 Jones Eq. 188,* where a bill for an injunction was answered by the administrator of one who was alleged to have been a party to an equitable contract, and the administrator said in the answer that he was ignorant of the facts alleged in the bill, but had understood and believed the facts of the case to be totally different from those stated in the bill, and his statement was strengthened by some of the allegations in the bill, and appeared probable and consistent, the injunction was dissolved. In this case the defendant unqualifiedly denies that the agreement in question was made. And it appears by the bill itself that in a court of law in a trial between the parties to this suit, in reference to the possession of the

premises (to prevent the execution of the judgment in which action is one of the objects of this suit), the jury found against the complainant as to an important part of the transaction as narrated by him in the bill. And the defendant swears, in his affidavit annexed to his answer, that on that trial the complainant testified that he made a proposition (the proposition which the bill says was accepted) to the defendant's agent for a lease of the premises for three years from March, 1887, but that the agent refused to entertain the proposition or to enter into any such agreement with him in relation to the premises. The injunction will be dissolved, with costs.